# In the United States Court of Federal Claims
BID PROTEST

| | |
|---|---|
| HAWKER BEECHCRAFT DEFENSE COMPANY, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| SIERRA NEVADA CORPORATION, | ) ) |
| Defendant-Intervenor. | ) ) ) |

No. 11-897C

Filed January 19, 2012

**ORDER**

On January 18, 2012, Sierra Nevada Corporation ("SNC") filed a motion for leave to intervene as a matter of right in the above-captioned case pursuant to Rule 24(a)(2) of the Rules of the United States Court of Federal Claims ("RCFC") (docket entry 25). SNC is the current awardee of the contract at issue in this case.

Pursuant to RCFC 24(a)(2), to intervene as a matter of right, movants "must show that: (1) they have an interest relating to the property or transaction that is the subject of the action; (2) without intervention the disposition of the action may, as a practical matter, impair or impede the applicants' ability to protect that interest; and (3) their interest is inadequately represented by the existing parties." *Chippewa Cree Tribe of Rocky Boy's Reservation v. United States*, 85 Fed. Cl. 646, 654 (2009) (internal quotation marks omitted). Moreover, the motion to intervene must be "timely." *Id.* (quoting RCFC 24(a)). "[T]he requirements for intervention are to be construed in favor of intervention . . . ." *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989).

Here, SNC's motion for leave to intervene was timely. SNC states that it must be permitted to intervene as a matter of right in order "to protect its substantial economic interest in the contract." Mot. for Leave to Intervene 2. As a result of being the current awardee in this case, SNC (1) has a direct interest in the subject of this matter; (2) could be adversely affected if the Court ruled in favor of plaintiff, a judgment that would necessarily affect the contract award; and (3) is not adequately represented by either defendant or plaintiff because it possesses the

interests of a contract awardee.  Additionally, neither defendant nor plaintiff objects to SNC's motion for leave to intervene.

       In light of the foregoing, SNC's motion for leave to intervene in this case is **GRANTED**. If SNC wishes to file briefs with the Court, it shall comply with the briefing schedule set forth in the Court's January 12, 2012 Order (docket entry 22) insofar as it relates to deadlines applicable to defendant.  In addition, SNC must review and adhere to the Court's December 28, 2011 protective order (docket entry 14) for gaining access to and filing documents under seal.

       **IT IS SO ORDERED.**


                                                      s/ George W. Miller
                                                      GEORGE W. MILLER
                                                          Judge